IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:21CV00656 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 2016 CHEVROLET CAMARO SS | : | |
| CONVERTIBLE, | : | |
| VIN 1G1FH3D79G0183851, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL
<u>DISCLOSURES IN RESPONSE TO DISCOVERY</u>**

Plaintiff United States of America ("Plaintiff") submits this memorandum in support of its Motion to Compel Claimant's Disclosures in Response to Discovery.

**Background**

Plaintiff commenced this action on August 23, 2021, by filing its Verified Complaint of Forfeiture against the defendant personal property. <u>See</u> Doc. 1. On December 3, 2021, Plaintiff received a letter from claimant Argenis Samuel Rivera-Alicea ("Claimant") claiming ownership of the defendant property and asking for its return to his possession. This was filed with the Court on December 6, 2021, as Claimant's Answer to the Verified Complaint of Forfeiture. <u>See</u> Doc. 6.

On December 17, 2021, Plaintiff served Claimant with its First Set of Discovery Requests (interrogatories, requests for production of documents, and a request for admission). <u>See</u> GE 1. Under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Claimant's disclosures in response to the discovery requests were due by January 21, 2022.

On January 3, 2022, Plaintiff received a letter from Claimant concerning the outstanding discovery requests. In his letter, Claimant stated the following:

> Dear Mr. Sandra Hairston,
>
> I'm writing you to let you know that all the information you are asking me for in the letter you sent me I don't have with me I have been incarcerated for 10 mounth [sic], and I won't [sic] to let you know that I won't [sic] my car. I also won't you to take in concederation [sic] my Due process of the law, and my fifth and fourteenth amendments rights. And answering these question gos aginst [sic] my fifth and fourteenth amendments.
>
> Thank you.
>
> Argenis Samuel Rivera-Alicea

A copy of Claimant's response is attached hereto. <u>See</u> GE 2.

On January 5, 2022, undersigned counsel sent a letter to Claimant, via U.S. mail, requesting full disclosures to Plaintiff's discovery requests by January 21, 2022 (the original deadline under the Federal Rules of Civil Procedure). <u>See</u> GE 3. Having received no response, undersigned counsel sent a second letter on January 25, 2022, via U.S. mail, requesting full disclosures to the discovery requests by February 15, 2022. <u>See</u> GE 4. Plaintiff has received no disclosures or further response from Claimant.

## Argument

Rule 33(b) of the Federal Rules of Civil Procedure provides in pertinent part:

(1) Responding Party.  The interrogatories must be answered:

    (A)    By the party to whom they are directed;

    . . .

(2) Time to Respond.  The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

Case 1:21-cv-00656-CCE-JEP   Document 9-1   Filed 02/22/22   Page 2 of 7

(3) Answering Each Interrogatory.  Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) Objections.  The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Similar provisions appear in Rules 34 and 36, regarding production of documents and responses to requests for admission.  Rule 37(a) provides that if a party fails to make required disclosure or discovery, the discovering party may move for an order compelling such disclosure or discovery.

The discovery sought by Plaintiff here consists of information and documents concerning Claimant's relationship to the defendant property. This information is necessary to affirmatively show that the defendant property constitutes proceeds traceable to the exchange of a controlled substance or to an offense constituting specified unlawful activity, and to respond to Claimant's apparent assertion that he is an innocent owner of the defendant property.

Claimant has not answered any of the specific interrogatories, produced any of requested documents, or responded to the request for admission. Nor has he properly asserted any objection or claim of privilege, despite having ample time to do so. At most, Claimant generally referred to his due process rights and his rights under the Fifth and Fourteenth Amendments. Such a general and sweeping reference does not satisfy or excuse Claimant from his discovery obligations. "[F]or one to invoke [the Fifth Amendment] privilege [against self-incrimination] the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the

3

claim." <u>North River Ins. Co. v. Stefanou</u>, 831 F.2d 484, 487 (4th Cir. 1987). "A person claiming Fifth Amendment protection may make a showing that a hazard of prosecution exists either by (1) pointing to compelled testimonial information which is incriminating in nature on its face, or (2) presenting contextual proof that shows how, in connection with other information, the called for testimony could be incriminating." <u>In re Grand Jury Subpoena c/d 91R0052-11</u>, 142 F.R.D. 122, 124 (M.D.N.C. 1992) (citing <u>United States v. Sharp</u>, 920 F.2d 1167 (4th Cir.1990)). "A party wishing in good faith to assert the privilege must do so with respect to particular allegations, thereby allowing the trial judge to determine the propriety of each refusal." <u>Suntrust Mortg., Inc. v. Busby</u>, 2009 WL 4801347, at *6 (W.D.N.C. Dec. 7, 2009) (quotation omitted). Claimant's general references to the Fifth and Fourteenth Amendments to the Constitution are inadequate and warrant an Order compelling his disclosures.

Absent timely receipt of the requested disclosures, the United States is seriously prejudiced in preparing its case.

## Conclusion

For the above reasons, plaintiff United States of America respectfully requests that this Court issue an Order compelling claimant Argenis Samuel Rivera-Alicea to fully and completely make all disclosures requested by it in its First Set of Discovery Requests within ten (10) days of the date of the Order, or face sanctions as provided in Rule 37(b)(2).

4

Date:  February 22, 2022

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney


 /s/ Nathan L. Strup
Nathan L. Strup, Mo. Bar No. 60287
Assistant U.S. Attorney
Middle District of North Carolina
101 S. Edgeworth Street, 4th Floor
Greensboro, NC  27401
(336)333-5351/nathan.strup@usdoj.gov

Case 1:21-cv-00656-CCE-JEP   Document 9-1   Filed 02/22/22   Page 5 of 7

## Certificate of Word Count

I hereby certify that this brief complies with the word count limit set forth in L.R. 7.3(d). The number of words in this brief, exclusive of the caption, signature lines, certificate of service, and any cover page or index, according to the word count feature of Microsoft Word, does not exceed 6,250 words.

*/s/* Nathan L. Strup
Nathan L. Strup
Assistant United States Attorney

## Certificate of Service

I hereby certify that on February 22, 2022, the foregoing Memorandum in Support of Plaintiff's Motion to Compel Response to Discovery was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: [None]

I hereby certify that the document was mailed to the following non-CM/ECF participant:

Argenis Samuel Rivera-Alicea
Inmate ID # 377343
Davidson County Jail
P.O. Box 513
Lexington, NC 27292

 /s/ Nathan L. Strup
Nathan L. Strup
Assistant U.S. Attorney