UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:21CV656 |
| v. | ) |
| | ) |
| | ) |
| 2016 CHEVROLET CAMARO SS | ) |
| CONVERTIBLE, | ) |
| VIN 1G1FH3D79G0183851 | ) |
| | |
| Defendant. | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the United States' Motion to Strike [Doc. #14], seeking to strike a claim filed in this forfeiture case by Claimant Argenis Samuel Rivera-Alicea. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . striking pleadings in whole or in part." Claimant did not respond to the Government's Motion to Strike. For the reasons set out below, the Court will recommend that the Government's Motion to Strike be granted and that the Verified Claim be stricken.

I.   BACKGROUND

The Court set out the history of this action in detail in its Order granting the Government's Motion to Compel. According to the Complaint, in August 2020, Davidson County Sheriff's Department investigators received information from a confidential source that Claimant

Rivera-Alicea was dealing in large quantities of methamphetamine in Davidson County. Investigators also learned that Claimant Rivera-Alicea was using multiple vehicles including a yellow Mazda 6 sedan and a blue Chevrolet Camaro SS convertible. In January 2021, a second confidential source told detectives that he or she had seen Claimant Rivera-Alicea with a large distributable amount of methamphetamine, a large sum of U.S. currency, and several firearms, and also confirmed that Claimant Rivera-Alicea had multiple vehicles including a yellow Mazda 6 sedan and a Chevrolet Camaro SS convertible. On February 8, 2021, officers conducted physical surveillance of Claimant Rivera-Alicea's residence, and observed vehicles arrive, stay for 8-10 minutes and leave; the vehicles were stopped and small amounts of methamphetamine were located; and the individuals in the vehicle admitted that they had purchased methamphetamine from Claimant Rivera-Alicea at that residence on several occasions. Two additional confidential informants subsequently confirmed that they had purchased methamphetamine from Claimant Rivera-Alicea at that residence. On March 8, 2021, detectives received information that Claimant Rivera-Alicea would be traveling to High Point driving the 2016 Chevrolet Camaro SS convertible to pick up a large amount of narcotics. Officers observed the vehicle and conducted a traffic stop. Claimant Rivera-Alicea was driving, but told the officers he did not have a driver's license. A K9 alerted on the vehicle, and a subsequent search resulted in the recovery of a black bag containing 453 grams of white crystal substance that appeared to be methamphetamine, as well as 30 suboxone strips and 9 oxycodone pills. Claimant Rivera-Alicea was arrested. Later that day, officers executed a search warrant at Claimant Rivera-Alicea's residence and recovered 1,478 grams of marijuana, 128 grams of a white crystal substance that appeared to be methamphetamine, 100 grams of a

white crystal substance that appeared to be "crack" cocaine, and three firearms. Claimant Rivera-Alicea was previously convicted for drug trafficking felonies and was on probation for those offenses at the time of vehicle stop, and he is currently in custody on the new drug trafficking charges and the violation of probation. The present case involves the 2016 Chevrolet Camaro SS convertible, VIN 1G1FH3D79G0183851, that Claimant Rivera-Alicea was driving and from which the black bag with the narcotics was seized.

The United States, as the Plaintiff in this matter, instituted a civil action <u>in rem</u> by filing a Verified Complaint of Forfeiture [Doc. #1], pursuant to 21 U.S.C. § 881(a)(4) for vehicles used or intended to be used to transport or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, and § 881(a)(6), for property "furnished or intended to be furnished in exchange for a controlled substance, . . . [or] proceeds traceable to such an exchange." Claimant filed a Verified Claim [Doc. #6] demanding the return of the Defendant Vehicle. Following Claimant's repeated failures to comply with discovery requests, the Government filed a Motion to Compel [Doc. #9]. In considering that Motion to Compel, the Court recognized Claimant's failure to fully participate in discovery and granted the Motion to Compel. The Court allowed Claimant 30 days to fully comply with the April Order, and warned that: "<u>Failure to respond to discovery requests or to comply with the Court's Order, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions, including dismissal of the Claim and entry of default judgment in favor of the United States</u>."

The deadline to respond has passed months ago, and Claimant has provided no discovery responses to comply with the Court's April Order.

The Government has now filed a Motion to Strike seeking to strike the Claim based on Claimant's failure to comply with discovery obligations and failure to comply with this Court's Order. Claimant has not responded to the Motion to Strike. Pursuant to Local Rule 7.3(k), if no response to a motion is filed, "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Here, the Motion to Strike is unopposed and should be granted on that basis under Local Rule 7.3(k). Moreover, as discussed below, the Court has examined the substance of the Motion to Strike and recommends that it be granted on the merits.

## II. DISCUSSION

### A. Legal Standard for Rule 37 Sanctions

Pursuant to Rule 37(b)(2)(A), the Court may issue a wide range of sanctions for failure to comply with discovery orders, including striking pleadings in whole or in part. Other sanctions available under Rule 37(b)(2)(A) include: (1) directing that designated facts be taken as established for the purposes of the action; (2) prohibiting a disobedient party from supporting or opposing designated claims or defenses; (3) staying proceedings until the order is obeyed; (4) dismissing the action or proceeding in whole or in part; (5) rendering a default judgment against the disobedient party; and (6) treating a failure to obey an order (except for an order to submit to a physical or mental examination) as contempt of court.

The Court has wide discretion in determining whether to issue discovery sanctions under Rule 37. S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 (4th Cir.

2003)). However, that discretion is not "without bounds or limits." Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir. 1977). Because the sanction of striking or dismissing a pleading is particularly harsh, the Fourth Circuit has cautioned that it should be reserved for "only the most flagrant case." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has adopted a four-part test to guide this Court's discretion:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. (citing Wilson, 561 F.2d at 503-06). In addition, the Fourth Circuit has "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." Hathcock v. Navistar Intern. Trans. Corp., 53 F.3d 36, 40 (1995); see also United States v. Approximately $88,125.00 in United States Currency, No. 3:10CV486, 2013 WL 98280, at *1 (M.D.N.C. Jan. 8, 2013) ("The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations.").

  B. Application of the *Mutual Federal* factors

In consideration of the Mutual Federal factors as set out below, the Court finds that striking Mr. Rivera-Alicea's Verified Claim is an appropriate sanction. The Court addresses each factor in turn.

    1. Whether Claimant's responses to the discovery requests were in bad faith

When a party fails to adequately respond to discovery requests and chooses not to appear or respond, a finding of bad faith is supported. See Cochran v. Volvo Group North America, LLC, No. 1:11-CV-927, 2014 WL 2207994, at *6-7 (M.D.N.C. May 28, 2014). Claimant here failed to respond to discovery for several months. Claimant ultimately did provide a short response that was not sufficient. The Court therefore gave specific directions to cure the deficiencies and directed him to comply with the Order within 30 days. Claimant was specifically warned that failure to comply would result in the imposition of sanctions. Claimant has now entirely failed to comply with that Order. He has not turned over any of the requested information or attempted to work with the government to set out a schedule for compliance. Considered in conjunction with his prior noncompliance and the Court's specific warning as to the consequence of continued noncompliance, the Court finds that Claimant's continued failure to cooperate in discovery or comply with the April Order warrants a finding of bad faith.

2. Whether Claimant's responses to the discovery requests resulted in prejudice

Claimant's failure to respond to discovery requests has prevented this case from moving forward for months, prejudicing the Government. When a party's failure to act prevents a case from going forward, the resulting prejudice to the opposing party is severe. United States v. $8,369.00 in U.S. Currency, No. 1:08CV145, 2009 WL 88060, at *1 (M.D.N.C. Jan. 12, 2009). The discovery requested by the Government, including Claimant's finances, his relationship to the claimed vehicle, his involvement in any drug activity, and his income and assets, are all relevant evidence. Claimant must fulfill his discovery obligations to the United

States in order for this action to proceed. In the circumstances, the Court finds significant prejudice to the Government that weighs in favor of striking the Claim.

### 3. Whether Claimant's discovery conduct should be deterred

"Outright non-compliance with a court order cannot be countenanced, and such flagrant violation of the rules must be deterred. No less drastic a sanction than dismissal can be effective in the face of Claimant's complete refusal to participate in discovery." United States v. Three Tracts of Real Prop. in E. Bend Twp., No. 1:04CV00987, 2007 WL 433381, at *1 (M.D.N.C. Feb. 5, 2007). After his partial participation in discovery prior to the April Order, Claimant has now failed to participate in discovery and has completely failed to comply with the Court's Order. The need to deter such flagrant violations of the Court's orders is significant, and warrants the drastic sanction of striking the Verified Claim.

### 4. Whether a less drastic sanction is available in this case

Finally, the Court considers the possibility of less drastic sanctions and whether any other sanctions would be effective in this case. In the matter before the Court, Claimant was warned that a failure to respond to discovery as ordered may subject him to Rule 37 sanctions, which would include the possibility of dismissal of his claim. Due to Claimant's continued noncompliance in the face of the Court's Order and warnings, the Court is of the view that no less drastic sanction than striking the Verified Claim would be effective.

III.  CONCLUSION

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Strike Claimant's Verified Claim [Doc. #14] be GRANTED, and that the Verified Claim [Doc. #6] be stricken.

This, the 5th day of October, 2022.

                                                   /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge